# EXHIBIT 1

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| KATHRYN TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: CJ-2017- |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC., AIG PROPERTY CASUALTY COMPANY, and ROBERTSON TAYLOR INTERNATIONAL INSURANCE BROKERS, INC., | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

DISTRICT COURT
F I L E D
JUL 2 4 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

CJ-2017-02910

DANA LYNN KUEHN

## PETITION

Plaintiff, Kathryn Taylor ("Plaintiff"), for her cause of action against American International Group, Inc., AIG Property Casualty Company (collectively "AIG"), and Robertson Taylor International Insurance Brokers, Inc. (hereinafter "Robertson Taylor"), states as follows:

### JURISDICTION AND VENUE

1.  Plaintiff Kathryn Taylor is a citizen of Tulsa County, State of Oklahoma.

2.  Defendant AIG is a foreign insurer that is licensed to do business in the State of Oklahoma.

3.  Defendant Robertson Taylor is a foreign for profit corporation that is licensed to do business in the State of Oklahoma.

4.  Venue is proper pursuant to 12 O.S. § 137.

### FACTUAL BACKGROUND

5.  In the Fall of 2015, Plaintiff received a blue diamond ring as a gift from her husband.

6. On or about December 12, 2015, Plaintiff had the ring appraised by a certified gemologist.

7. On or about December 14, 2015, Plaintiff, through her insurance agent, Defendant Robertson Taylor, requested that coverage for said blue diamond ring be added to her AIG policy.

8. On or about October 23, 2016, Plaintiff's AIG insurance policy renewed. However, neither AIG nor Robertson Taylor sent Plaintiff the policy renewal and/or Declarations Page until the next month. Both AIG and Robertson Taylor failed to obtain an appraisal, and failed to increase the amount of coverage on Plaintiff's blue diamond ring determined by jewelry industry data, pursuant to the terms of the policy.

9. On or about October 31, 2016, AIG's policy notes reflect that AIG and Robertson Taylor needed to obtain a current appraisal for Plaintiff's blue diamond ring. The policy note reflected that AIG did not want the client to end up underinsured. However, such an appraisal was not obtained. The insurance contract provides in its "Coverages" section that AIG will increase the amount of coverage for its insured's jewelry on an annual basis by a percentage determined by jewelry industry data, or, a higher percentage if requested by the insured. AIG breached the contract by not obtaining an appraisal, or consulting jewelry industry data, and by failing to consult with the insured.

10. On or about November 4, 2016, Plaintiff was vacationing in California. While attending a cooking class, Plaintiff went to wash her hands. Plaintiff removed her ring and did not realize that she had forgotten to put her ring back on her finger. An hour or two after the class, she realized she left it in the class and notified the venue. Despite the involvement of law enforcement, the ring was never found.

11. On or about November 8, 2016, the claim was reported to AIG.

12. Plaintiff complied with all terms and conditions as set forth in the AIG insurance policy.

13. To date, Defendant AIG, in bad faith and in breach of the insurance agreement, has failed to pay all contractual benefits owed to Plaintiff under the contract for the covered loss of her blue diamond ring.

14. Because AIG has breached its contract and acted in bad faith, Plaintiff is entitled to general and special damages that exceed $75,000.00.

15. Because Robertson Taylor failed to act with due care and diligence in the maintenance of Plaintiff's insurance policy and failed to disclose important policy information and changes with Plaintiff, Plaintiff is entitled to general and special damages that exceed $75,000.00.

## COUNT I:  BREACH OF CONTRACT

16. Plaintiff fully incorporates into this paragraph each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for her additional claims against Defendant AIG hereby alleges as follows:

17. Plaintiff entered into a contract of insurance with AIG to provide personal property insurance, including her jewelry. Plaintiff's insurance policy with AIG was in full force and effect at all material times hereto.

18. On or about October 31, 2016, AIG's policy notes reflect that AIG and Robertson Taylor needed to obtain a current appraisal for Plaintiff's blue diamond ring. The policy note reflected that AIG did not want the client to end up underinsured. However, such an appraisal was not obtained. The insurance contract provides in its "Coverages" section that AIG will increase the amount of coverage for its insured's jewelry on an annual basis by a percentage determined by jewelry industry data, or, a higher percentage if requested by the insured. AIG breached the

contract by not obtaining an appraisal, or consulting jewelry industry data, and by failing to consult with the insured.

19. Plaintiff provided proper and timely notice to AIG of her claim arising from the loss of her blue diamond ring that occurred on or about November 4, 2016.

20. Plaintiff has in all material ways complied with the terms and conditions of the policy.

21. AIG, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to provide coverage and to pay Plaintiff all benefits to which she is entitled under the terms and conditions of the policy.

22. Specifically, the insuring agreement provides as follows:

SECTION II – COVERAGES

(A) Valuable articles
We cover all risks of direct physical loss or damage to valuable articles anywhere in the world unless stated otherwise in this policy or an exclusion applies.
. . .
If scheduled jewelry is shown on your Declarations Page, we will increase the amount of coverage for each article of scheduled jewelry annually by a percentage determined by jewelry industry data, or upon your request, a higher percentage.

23. Plaintiff's blue diamond ring was listed as an article of scheduled jewelry at the time of the loss.

24. With regard to payment of loss, Plaintiff's AIG insurance policy states as follows:

SECTION III – PAYMENT OF LOSS

A. Scheduled Items

1. Total Loss – For a covered loss to an item listed in your schedule of items, we shall pay the total amount of coverage for that item if it is lost or damaged beyond repair. However, if the market value of the scheduled item immediately before the loss exceeds the amount of scheduled coverage for

that item, we will pay its market value up to 150% of the amount scheduled. The most we will pay in any one loss is the policy limit per class.

25. AIG has not paid the market value of the blue diamond ring nor has AIG paid up to 150% of the amount scheduled for Plaintiff's blue diamond ring.

26. As a result of AIG's breach of contract, Plaintiff has suffered damages including the lost opportunity to have her ring appraised and consider available jewelry industry data, or upon the insured's request, an even higher amount, and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interests.

## COUNT II: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

22. Plaintiff fully incorporates into this paragraph each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for her additional claims against Defendant AIG hereby alleges as follows:

27. AIG has a duty to deal fairly and in good faith with Plaintiff.

28. AIG breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

    a. Failing to perform a proper investigation in regards to Plaintiff's claim made under her insurance policy;

    b. Failing to pay the full and fair amount for the blue diamond ring that was stolen from Plaintiff in accordance with the terms and conditions of her insurance policy;

    c. Failing to consider available jewelry industry data to appropriately increase the value of the ring, and by failing to contact the insured to inquire if the insured wanted to increase the value of the ring;

    d. Refusing, without proper cause, to pay Plaintiff all benefits she is owed under the insurance contract and pursuant to Oklahoma law;

e.  Purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due to Plaintiff under the terms and conditions of her insurance policy in violation of Unfair Claims Settlement Practices Act, 36 O.S. §§ 1250.1-1250.16;

f.  Purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim;

g.  Forcing Plaintiff to retain counsel to recover insurance benefits to which she is entitled under the terms and conditions of the insurance contract;

h.  Failing to perform a fair and objective investigation of Plaintiff's damages;

i.  Knowingly and intentionally failed to engage in proper claims handling practices and failed to compensate its insured for losses under the insurance policy;

j.  Engaging in outcome oriented investigation and claim handling practices;

k.  Engaging in these improper claims practices knowing that its insured would suffer financial harm;

l.  By attempting to settle Plaintiff's claim for less than it owed and, in exchange, insisting the insured to sign a Release;

m.  By continuing to collect policy premiums after the ring was lost and failing to timely reimburse the insured said premiums; and

n.  Putting its interest in maximizing financial gains, and limiting disbursements above the interests of Plaintiff.

29.  The conduct of AIG, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties. AIG has no

reasonable basis in its refusal to recognize and pay Plaintiff her full benefits under the policy for the loss of her blue diamond ring.

30. As a consequence of AIG's breach of the duty of good faith and fair dealing, Plaintiff has sustained damages, including deprivation of monies rightfully belonging to her, anger, stress, worry, physical and emotional suffering, attorneys' fees and litigation costs.

31. The conduct of AIG was intentional, willful, malicious, and/or in reckless disregard of the rights of others.

32. The actions of AIG during the handling of Plaintiff's claim demonstrate it intentionally, and with malice, breached its duty to deal fairly and in good faith. The actions of AIG were intentional, malicious, and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. Plaintiff, therefore, seeks punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT III: NEGLIGENT PROCUREMENT AND MAINTENANCE OF INSURANCE

33. Plaintiff fully incorporates into this paragraph each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein, and for her additional claims against AIG and Robertson Taylor hereby alleges as follows:

34. Plaintiff hired Robertson Taylor as her primary insurance agent for her insurance needs.

35. Robertson Taylor owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement and maintenance of insurance for Plaintiff.

36. AIG owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement and maintenance of insurance for Plaintiff per AIG's policy, Section II – Coverages, which provides: "If scheduled jewelry is shown on your Declarations Page,

we will increase the amount of coverage for each article of scheduled jewelry annually by a percentage determined by jewelry industry data, or, upon your request, a higher percentage."

37. AIG and Robertson Taylor had a duty to accurately inform Plaintiff of all coverages, benefits, limitations and exclusions in the coverage procured.

38. AIG and Robertson Taylor failed to inform Plaintiff of the limitations and exclusions that were included in the policy without Plaintiff's consent.

39. AIG and Robertson Taylor had a duty to appropriately maintain Plaintiff's insurance coverage and make any necessary modifications after issuance of the policy, which included obtaining annual appraisals for Plaintiff's jewelry, including her blue diamond ring.

40. AIG and Robertson Taylor were directly involved in determining the type of coverage Plaintiff received.

41. AIG and Robertson Taylor were directly involved in determining the amount of coverage Plaintiff received.

42. AIG and Robertson Taylor breached this duty owed to Plaintiff and are liable to Plaintiff because through the fault of AIG and Robertson Taylor, the insurance requested by Plaintiff was not procured and maintained as promised, and Plaintiff suffered a loss.

43. As a result of AIG and Robertson Taylor's conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney's fees, costs, and interest.

44. The conduct of AIG and Robertson Taylor was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorneys' fees, and other relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ signature/*

Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
Emails: rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rparrish@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| KATHRYN TAYLOR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC.,<br>AIG PROPERTY CASUALTY COMPANY, and<br>ROBERTSON TAYLOR INTERNATIONAL<br>INSURANCE BROKERS, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>) **CJ-2017-02910**<br>)<br>) **DANA LYNN KUEHN**<br>)<br>) |

### SUMMONS

To the above-named Defendant:　　**AMERICAN INTERNATIONAL GROUP, INC.**
　　　　　　　　　　　　　　　　　　c/o United States Corporation Company, Registered Agent
　　　　　　　　　　　　　　　　　　251 Little Falls Drive
　　　　　　　　　　　　　　　　　　Wilmington, DE  19808

　　You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorneys for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

　　Issued this 24 day of July, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　DON NEWBERRY, COURT CLERK

(SEAL)　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Court Clerk

**ATTORNEYS OF RECORD FOR PLAINTIFF:**
Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:　　(405) 516-7800
Facsimile:　　(405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rparrish@whittenburragelaw.com

This summons was served on: _____
　　　　　　　　　　　　　　　(date of service)

_____
Signature of person serving summons

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

1280

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

KATHRYN TAYLOR,            )
                           )
        Plaintiff,         )
                           )
v.                         )   Case No. _____
                           )
AMERICAN INTERNATIONAL GROUP, INC., )
AIG PROPERTY CASUALTY COMPANY, and  )   CJ-2017-02910
ROBERTSON TAYLOR INTERNATIONAL      )
INSURANCE BROKERS, INC.,            )   DANA LYNN KUEHN
                           )
        Defendants.        )

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT
AUG 17 2017
Legal Division

## SUMMONS

To the above-named Defendant:    AIG PROPERTY CASUALTY COMPANY
c/o Oklahoma Insurance Department
Attn: Legal Division
Five Corporate Plaza
3625 N.W. 56th Street, Suite 100
Oklahoma City, OK 73112

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorneys for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 24 day of July, 2017.

DON NEWBERRY, COURT CLERK

(SEAL)                          By: _____
                                     Deputy Court Clerk

**ATTORNEYS OF RECORD FOR PLAINTIFF:**
Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:      (405) 516-7800
Facsimile:      (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rparrish@whittenburragelaw.com

This summons was served on: _____
                                        (date of service)

_____
Signature of person serving summons

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.